IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 24 C 1264 |
| v. ) | |
| ) | |
| BRITTANY GREENE, Warden, ) | Hon. Franklin U. Valderrama |
| Western Illinois Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin James (Petitioner) is incarcerated at Western Illinois Correctional Center in the custody of Respondent Warden Brittany Greene (Respondent). Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to set aside his conviction for predatory criminal sexual assault. R. 1, Pet.[1] Respondent moves to dismiss the Petition as untimely under 28 U.S.C. § 2254. R. 25, Mot. Dismiss. For the reasons that follow, the Court grants the Motion and declines to issue a certificate of appealability.

## BACKGROUND

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct, unless the petitioner rebuts those findings by clear and convincing evidence. 28 U.S.C. § 2254; *Sims v. Hyatte*, 914 F.3d 1078, 1095 (7th Cir. 2019).

---

[1]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

On June 24, 2013, following a bench trial, Petitioner was found guilty of predatory criminal sexual assault and sentenced to 25 years in prison. R. 26, Ex. 3 at 1. Petitioner filed a direct appeal with the Illinois Appellate Court, and on October 7, 2015, the appellate court affirmed Petitioner's conviction. *Id*. at 36–37. Petitioner did not file a petition for leave to appeal with the Illinois Supreme Court.

In December 2017, Petitioner filed a state habeas complaint, which the state trial court denied that same month. R. 26, Ex. 2 at 2. In January 2020, Petitioner filed a second state habeas complaint, which the trial court dismissed in August 2020. *Id*.

On January 25, 2024, Petitioner filed a 28 U.S.C. § 2254 habeas petition asserting the following claims: (1) the State knowingly presented false evidence at trial, Pet. at 8–12; (2) he was denied his right to confront witnesses, *id*. at 13–14; and (3) his trial counsel was ineffective for failing to investigate, present, and cross-examine police officers about a temporary warrant that had been issued before he was indicted, *id*. at 15–19.

In Ground One of his Petition, Petitioner recognizes that he did not present these claims in state court but argues that the Court should still review them under the miscarriage of justice exception. *Id*. at 6–7. Respondent subsequently filed her Motion to Dismiss asserting that the Petition is untimely under 28 U.S.C. § 2254 (d)(1)(A). *See generally* Mot. Dismiss.

## LEGAL STANDARD

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). Under § 2244(d), there is a one-year limitation period for filing a habeas petition in federal court. *Taylor v. Michael*, 724 F.3d 806, 810 n.3 (7th Cir. 2013). Pertinent here, the that period starts on "the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

Under 28 U.S.C. § 2244 (d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted towards any period of limitation under this subsection." *Id*. "The expiration of the statute of limitations is an affirmative defense which the State has the burden of proving." *Hardy v. Monti*, 2023 WL 3200251, at *5 (N.D. Ill. May 2, 2023) (citing *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012)).

## ANALYSIS

### I. The 28 U.S.C. § 2254 Petition is Untimely

In her Motion to Dismiss, Respondent argues that Petitioner's habeas petition is untimely, as it was filed more than seven years after the limitation period for 28 U.S.C. § 2244 (d)(1) expired. Mot. Dismiss at 7. The Court agrees.

3

Under 28 U.S.C. § 2244(d)(1), a state prisoner seeking federal habeas review of his or her conviction or sentence under § 2254 must do so within one year. 28 U.S.C. § 2244(d)(1). However, this one-year limitation period runs from the latest of four possible dates: (1) when the conviction became final on the expiration of time for seeking direct review; (2) when a state-created impediment to filing the federal habeas petition was removed; (3) when the United States Supreme Court announced a new, retroactively applicable rule of constitutional law; or (4) when the facts underlying the federal claim first became discoverable by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Further, this limitation period is tolled during the time in which a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

Here, Respondent argues that the Petition is untimely pursuant to § 2244(d)(1)(A) because it was filed more than one year after the date his conviction became final. Mot. Dismiss at 7–8. Respondent contends that this provision required Petitioner to submit his federal habeas petition by November 11, 2016, the one-year deadline following November 11, 2015, which marked the expiration of time to file a PLA (petition for leave to appeal) with the Illinois Supreme Court, a deadline Petitioner did not meet. *Id.*

Not so, counters Petitioner, arguing that the limitations period should begin in either March or April 2023, which is when he first learned of the factual predicates underlying his claims, pursuant to § 2244(d)(1)(D). R. 30, Resp. at 2. Under this provision, the one-year limitations period should run from "the date on which the

4

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In support, Petitioner underscores the claims advanced in his habeas petition: (1) the State presented false evidence at trial; (2) he was denied his right to confront witnesses; and (3) trial counsel was ineffective for failing to investigate, present, and cross-examine police officers about a temporary warrant that had been issued before he was indicted. However, retorts Respondent, none of these claims are availing, as they rely either on facts that occurred before or at trial. The Court addresses each claim in turn.

To begin, Petitioner's first claim that the State presented false evidence at trial, as Respondent correctly notes, hinges solely on Petitioner's view of the trial record. *Id.* at 8. Specifically, the Petitioner contests the validity and sufficiency of trial evidence, which encompasses the credibility of witness testimony, the reliability of evidence obtained from B.W.'s sexual assault kit, and the accuracy of the DNA analysis. *See* Resp. at 5–7.

This claim, however, encounters an insurmountable obstacle: Petitioner fails to provide the Court with any newly discovered facts that he only recently became aware of. It is well-established that § 2244(d)(1)(D) affords defendants the benefit of a later commencement date for the statute of limitations if they could not, through due diligence, have known or discovered vital facts by the time the appellate process concluded. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Yet, in this instance,

5

Petitioner was fully aware of these facts before the appellate process reached its conclusion, as they were introduced and examined during trial.

Therefore, § 2244(d)(1)(D) is no refuge for Petitioner's first claim. This provision does not offer a pathway for claims based on information that was already known at the time of trial and appellate proceedings, regardless of how that information is now characterized or challenged. *Boyd*, 235 F.3d at 359.

Petitioner's second contention—that he was denied his right to confront witnesses—also fails for the same reasons articulated above. The key facts underpinning Petitioner's Confrontation Clause claim were available before the appellate process concluded. *Boyd*, 235 F.3d at 359. Under § 2244(d)(1)(D), the statute of limitations begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id*. This underscores that the mere lack of understanding regarding the legal implications of these facts at the time does not reset the clock when Petitioner eventually grasps their significance.

Consequently, as Petitioner's Confrontation Clause claim arises solely from trial proceedings—specifically, whether he was denied the opportunity to confront certain witnesses—the critical facts supporting this claim were well within Petitioner's knowledge during the trial and appellate phases, rendering the Petition untimely.

6

Lastly, Petitioner's ineffective assistance of counsel claim fails for similar reasons; the critical facts necessary to support this claim were known to Petitioner well before March and April of 2023. *Owens v. Boyd* is instructive.

In *Owens v. Boyd*, the petitioner argued that his request for a federal review was timely despite being filed years past the deadline. 235 F.3d at 360. He further argued that he did not fully understand the basis for seeking collateral relief— namely, ineffective assistance of counsel—until December 1998. *Id*. The court rejected this argument, clarifying that, under 28 U.S.C. § 2244(d)(1), the statute of limitations begins not when a prisoner realizes what legal options they have or identifies the significations of the facts but rather when the prisoner could have discovered the key facts through due diligence.

Put simply, the law does not wait until someone recognizes the legal significance of facts; it starts when they could have discovered those facts through reasonable efforts. *Id*. Here, Petitioner's ineffective assistance of counsel claim rests on trial counsel's alleged failure to investigate, present, and cross-examine witnesses about pre-indictment events that he discussed with his counsel before trial. Resp. at 18. Because Petitioner had access to the underlying factual basis of each of these claims by the time the trial concluded in 2013, the Petition untimely.

Additionally, it cannot be argued that the one-year limitation period was tolled under 28 U.S.C. § 2244(d)(2), as the Petitioner's state habeas petitions were filed after the limitations period had expired. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th

Cir. 2009) (explaining that a state proceeding beginning after the federal one-year deadline has passed is irrelevant and does not toll the limitations period).

All in all, Petitioner's inability to grasp the legal theories available to him does not entitle him to a later start date under § 2244(d)(1)(D), since the start statute of limitations period is not triggered by the "recognition of the factual predicate's legal significance" but instead by the discovery of the factual predicate itself. *Boyd*, 235 F.3d at 359.

## II. Equitable Tolling is Inapplicable in this Case

Next, Respondent argues that Petitioner's lack of legal knowledge and assistance does not meet the threshold to trigger equitable tolling. Mot. Dismiss at 10. The Court agrees.

A habeas petitioner is entitled to equitable tolling only if two things are shown: (1) that he has been diligently pursuing his rights, and (2) that an extraordinary circumstance stood in his way, thus preventing timely filing. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

As to the first prong, Respondent contends that Petitioner fails to establish that he diligently pursued his rights during the limitations period, which ran from November 2015 to November 2016. Mot. Dismiss at 10 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (holding that petitioner was not diligent when he waited five months to file a federal habeas petition following the conclusion of state proceedings)); *see also United States ex rel. Zapada v. Lemke*, 2014 WL 1647126, at *6 (N.D. Ill. April 23, 2014). The Court agrees.

8

Here, Petitioner did not begin correspondence with legal clinics, judges, and court clerks until March 2018—more than a year and a half after the expiration of the limitation period—well outside the realm of "diligent" conduct. Furthermore, Petitioner failed to exhaust available state remedies, such as filing a PLA. Combined with the fact that Petitioner waited seven years before filing a federal habeas petition, these circumstances clearly demonstrate a lack of diligence and thus fails to satisfy the first prong necessary for equitable tolling.

Regarding the second prong, Respondent argues that Petitioner fails to establish any extraordinary circumstance that prevented him from timely filing his habeas petition. Mot. Dismiss at 11 (citing *Tucker v. Kingston*, 538 F.3d 732, 735, (7th Cir. 2008)). The Court again agrees.

As the Seventh Circuit has explained "prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Kingston*, 538 F.3d at 735. Similarly, courts in this Circuit have consistently held that a "petitioner's *pro se* status does not entitle him to equitable tolling." *Simmons v. United States,* 2018 WL 3239724, at 3 (N.D. Ill. July 3, 2018) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). Thus, Petitioner's claims of inadequate legal knowledge and assistance do not constitute extraordinary circumstances warranting tolling. For these reasons, the Court finds that Petitioner is not entitled to equitable tolling.

### III. The Miscarriage of Justice Exception is Inapplicable

9

Finally, Respondent argues that Petitioner fails to satisfy the gateway actual innocence standard, thereby precluding the application of the miscarriage of justice exception to excuse his untimeliness. Mot. Dismiss at 11–13. The Court agrees.

The miscarriage of justice exception has been applied to overcome various procedural defaults, including failure to observe filing deadlines, to ensure that federal constitutional errors do not result in the incarceration of innocent persons. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In *McQuiggin*, the Supreme Court emphasized that a prisoner "otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." *Id*. In other words, a credible showing of actual innocence could permit a prisoner to address his or her constitutional claims on the merits even if there is a procedural barrier preventing relief. *Id*.

To satisfy the "actual innocence" standard, a petitioner must show that "in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995).

Here, as Respondent correctly notes, Petitioner's claim rests primarily on evidence that was presented at trial, which does not qualify as new evidence under the miscarriage of justice exception. *See Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (new evidence is reliable evidence that was not presented at trial).

Specifically, Petitioner's contention that Scheiver's testimony and the DNA evidence were insufficient to convict him does not constitute new evidence, as this evidence was already evaluated by the trier of fact during the trial; a petitioner's doubts about the credibility and adequacy of the evidence presented at trial do not constitute new evidence. *Gladney*, 799 F.3d at 898.

Next, Petitioner introduces two pieces of purportedly new evidence: (1) his alleged release from police custody after B.W.'s sexual assault kit, and (2) the alleged lack of sufficient evidence to establish probable cause for Petitioner's eventual arrest. Pet. at 53–54. Respondent argues that neither piece of evidence "demonstrates [Petitioner's] actual innocence so convincingly that no rational person would convict him," as "[n]o piece of new evidence counters the overwhelming evidence of petitioner's guilt. . ." Mot. Dismiss at 13. The Court agrees.

Here, the trial court credited B.W.'s testimony, corroborated by Bryant's account, and the DNA evidence confirmed the presence of Petitioner's semen was found on B.W.'s underwear. Additionally, the results of the vaginal exam indicated redness and tearing, injuries "highly suspect of sexual assault." R. 26, Ex. 1 at 129. These pieces of new evidence do not directly address or undermine the evidence of guilt presented at trial.

Ultimately, the Court finds that the evidence proposed by Petitioner fails to meet the stringent actual innocence standard. It is unlikely that, even with this "new" evidence, a reasonable juror would have acquitted Petitioner.

## IV. Denial of Certificate of Appealability

Respondent requests that "[u]pon entering an order denying habeas relief, this Court should also decline to issue a certificate of appealability (COA)." Mot. Dismiss at 13.

If a district court dismisses a habeas petition on procedural grounds without addressing the prisoner's underlying constitutional claim, a Certificate of Appealability (COA) should be granted (and an appeal may be pursued) if the prisoner demonstrates that reasonable jurors could debate (1) whether the petition presents a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). However, because the untimeliness of Petitioner's federal habeas petition is not subject to reasonable debate, as established in the foregoing analysis, this Court declines to issue a COA.

## CONCLUSION

This Court grants Respondent's motion to dismiss, denies Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus as untimely, and declines to issue a certificate of appealability.

Dated: March 28, 2025

_____
United States District Judge
Franklin U. Valderrama